```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

```
CHARMANE SMITH,

        Plaintiff,

vs.                                  No. 06-2422-B/V

DOBBS BROS. MAZDA, et al.,

        Defendants.
```

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER OF DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Charmane Smith, a resident of Memphis, Tennessee, filed a civil action on July 3, 2006. The Court issued an order on July 31, 2006 directing Plaintiff to file a properly completed <u>in forma pauperis</u> affidavit or pay the civil filing fee. Plaintiff filed a motion for leave to proceed <u>in forma pauperis</u>, and for appointment of counsel, on August 7, 2006. On the basis of the information contained in Plaintiff's affidavit, the motion to proceed <u>in forma pauperis</u> is GRANTED. The Clerk shall record the defendants as Dobbs Brothers Mazda ("Dobbs"); Steve Nagel, the General Manager at Dobbs; Richard West, a salesman employed by

Dobbs; Independent Bank ("Independent"); and Mark R. David, a Vice President at Independent.

This action arises out of the purchase of a vehicle from Dobbs by Plaintiff's mother, Ethel Smith, who is not a party to this action. Independent apparently loaned Ethel Smith the money to purchase the vehicle. Although the complaint is not very clear, Plaintiff seems to contend that the price of the vehicle was "illegally inflated," that the buyer was not properly credited for her trade in and for her down payment, that the buyer was charged unnecessary "GAP insurance," and that the sale of the vehicle and the financing were "Deceptive, Illegal, Invalid/Unenforceable in a court of law, and Financially Detrimental to Buyer." Plaintiff seeks money damages in the amount of $5,000,000.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

A party in federal court must proceed either through licensed counsel or on her own behalf. <u>See</u> 28 U.S.C. § 1654; <u>see</u>

also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). A nonlawyer may not sign pleadings on behalf of another person. See Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) (holding that "[t]he signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction"); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. . . . In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. See 28 U.S.C. § 1654. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted); see also Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist., 409 F.3d 753, 755 (6th Cir. 2005) ("Because, by definition, pro se means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action."); Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003).

The complaint appears to assert that Plaintiff is entitled to represent the interests of her mother pursuant to Fed. R. Civ. P. 17. In fact, however, Fed. R. Civ. P. 17(a) provides that "[e]very action shall be prosecuted in the name of the real party in interest." The complaint does not allege that Plaintiff's mother is incompetent or otherwise incapacitated. Moreover, even if she were, only a licensed attorney can represent her interests in federal court. Cf. Cheung v. Youth Orchestra Found., Inc., 906 F.2d 59, 61 (2d Cir. 1990) (lay parent or guardian cannot file pro se complaint on behalf of minor or ward, who must be represented by attorney); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney"); Brown v. Ortho Diagnostic Sys., 868 F. Supp. 168, 170 (E.D. Va. 1994) (following Meeker and progeny and refusing to permit parent to represent minor child).

Because Plaintiff is not a licensed attorney, she may not represent the interests of her mother in federal court. Moreover, as the complaint, on its face, indicates that Ethel Smith purchased the vehicle in question from Dobbs and took out the loan from

4

Independent, Plaintiff has no standing to prosecute this action on her own behalf.[1]

Accordingly, the Court DISMISSES this action in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. In light of the dismissal of the complaint, the motion for leave to proceed <u>in forma pauperis</u> is DENIED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal <u>in forma pauperis</u> must obtain pauper status under Fed. R. App. P. 24(a). <u>See</u> <u>Callihan v. Schneider</u>, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed <u>in forma pauperis</u> in the district court, she may also proceed on appeal <u>in forma pauperis</u> without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed <u>in forma pauperis</u> in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

---

[1] Plaintiff's stated intention to repay her mother's auto loan with the proceeds of an unrelated lawsuit does not confer standing on her to challenge the legality of the original mortgage loan.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for failure to state a claim and as frivolous also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.[2]

IT IS SO ORDERED this 8th day of December, 2006.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[2] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.