IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CHARMANE SMITH,

       Plaintiff,

vs.                                No. 06-2422-B/V

DOBBS BROS. MAZDA, et al.,

       Defendants.

_____

ORDER DENYING MOTION FOR STAY OF JUDGMENT
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER PRECLUDING FURTHER FILINGS IN THIS CLOSED CASE

_____

On July 3, 2006, Plaintiff Charmane Smith filed a pro se complaint that purported to invoke this Court's subject-matter jurisdiction pursuant to, inter alia, 28 U.S.C. § 1331, concerning an automobile purchased by her mother. (Docket Entry ("D.E.") 1.) The Court issued an order on December 8, 2006 that, inter alia, dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted and certified, pursuant to Fed. R. App. P. 4(a), that an appeal would not be taken in good faith. Judgment was entered on December 13, 2006. Plaintiff's appeal was dismissed for want of prosecution due

to her failure to pay the appellate filing fee. <u>Smith v. Dobbs Bos. Mazda, et al.</u>, No. 06-6575 (6th Cir. Oct. 8, 2007).

On November 15, 2007, Smith filed two motions in this closed case. The first, entitled "Motion for Stay of Judgment Under Rule 62(b)" (D.E. 9), appears to argue that this judge committed fraud upon the Court by issuing an erroneous ruling dismissing the complaint. Fed. R. Civ. P. 62(b), concerning stays of proceedings to enforce judgments, is inapplicable here as no judgment for monetary or injunctive relief has issued. The case was dismissed, and it remains dismissed. The motion is DENIED.

On November 15, 2007, Plaintiff also filed a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(3), (4), and (6). Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

Smith first relies on Rule 60(b)(3), concerning fraud on the Court. Her motion makes clear that the "fraud" at issue was committed by this judge, and consists of making ruling adverse to Plaintiff. Rule 60(b)(3), on its face, pertains to misconduct "of an adverse party," and is not applicable here.

Rule 60(b)(5) is also inapplicable, as no judgment for monetary or injunctive relief has issued.

Plaintiff also relies on Fed. R. Civ. P. 60(b)(6). The Sixth Circuit has repeatedly emphasized that relief pursuant to that provision is rarely appropriate:

> [R]elief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992). This is especially true in an application of subsection (6) of Rule 60(b), which applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990); see also Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 . . . (1988). This is because "almost every conceivable ground for relief is covered" under the other

3

subsections of Rule 60(b). Olle, 910 F.2d at 365; see also Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989). Consequently, courts must apply Rule 60(b)(6) relief only in "unusual and extreme situations where principles of equity *mandate* relief." Olle, 910 F.2d at 365.

Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original).

In this case, Plaintiff had the opportunity to appeal the dismissal of her case. The motion does not set forth any extraordinary circumstances justifying relief under Rule 60(b)(6).

Smith also argues that this judge should have recused himself because of his familiarity with the two criminal cases filed against Plaintiff. No recusal motion was filed and, if it had, it would not have been granted. A judge must recuse himself if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." Id. (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988); United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). A judge's participation in the proceedings or prior contact with a litigant

4

in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994); Sammons, 918 F.2d at 599. Twenty-eight U.S.C. §§ 144 and 455 are to be read in pari materia to require that disqualification must be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. Story, 716 F.2d at 1096.[1] "A judge is presumed to be impartial, and a litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge." United States v. Adams, No. 93-5682, 1994 WL 589509, at *2 (6th Cir. Oct. 25, 1994) (per curiam).

The fact that this judge presided over Plaintiff's criminal cases had no bearing on the decision reached in this case and provides no basis for disqualification.

The motion for reconsideration is DENIED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). Liteky, 510 U.S. at 540.

forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to deny Plaintiff's motions also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

In an order issued on January 25, 2007 in another case filed by Smith, the Court revoked Plaintiff's privilege of filing lawsuits <u>in</u> <u>forma</u> <u>pauperis</u> as a sanction for the numerous, patently meritless actions she has filed. (01/24/07 Order at 8-11, <u>Smith v. Dell, Inc.</u>, No. 06-2496-B/V (W.D. Tenn.).) That order concluded as follows:

> Smith is further ADMONISHED that, in the event she persists in filing meritless actions despite the imposition of the restrictions set forth herein, she may be subject to additional restrictions on her filing privileges and monetary fines.

(<u>Id.</u> at 11.) The Court reiterates that admonishment. Plaintiff is further ADMONISHED that, in the event she persists in filing meritless motions in this or any other closed civil case, she may be subject to additional restrictions on her filing privileges and monetary fines. **The Clerk is directed not to file any further documents in this closed civil case, except a one-page notice of appeal from this order.**

IT IS SO ORDERED this 17th day of December, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE